**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Randy Tyrone WALKER, aka Seal
A, aka Ray Dog, Defendant–
Appellant.**

No. 05–50435.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 16, 2006.*

Filed Nov. 20, 2006.

Becky S. Walker, Esq., Cheryl O'Connor Murphy, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

James M. Crawford, Esq., Orange, CA, for Defendant–Appellant.

Before: T.G. NELSON and BYBEE, Circuit Judges, and DUFFY **, Senior Judge.

### MEMORANDUM ***

Defendant–Appellant Randy Walker ("Appellant") appeals his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The facts and procedural history are familiar to the parties, and we do not repeat them here.

Appellant challenges his conviction on the grounds that the district erred in denying his 18 U.S.C. § 2518(10)(a) motion to suppress statements related to offenses

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Kevin T. Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

not covered by a wiretap authorization. As a general matter, we review the denial of motions to suppress de novo, but a district court's "[f]actual findings are reviewed for clear error." *United States v. Manning*, 56 F.3d 1188, 1196 (9th Cir. 1995); *accord United States v. Becker*, 23 F.3d 1537, 1539 (9th Cir.1994). , Applying that standard, even assuming that the government intercepted statements not covered by the original wiretap, the wiretap authorizing court implicitly sanctioned the government's right to use the intercepted statements when it approved the government's application to extend the wiretap pursuant to 18 U.S.C. § 2517(5). *See United States v. Homick*, 964 F.2d 899, 904 (9th Cir.1992).

■ Although Appellant claims to appeal his sentence, he does not argue that his sentence was erroneous or unreasonable. Consequently, Appellant has waived any argument that he may have had as to his sentence's reasonableness or correctness. *See, e.g., Armentero v. I.N.S.*, 412 F.3d 1088, 1095 (9th Cir.2005) ("Failure to raise an argument in an opening brief constitutes waiver"); *Mendoza v. Block*, 27 F.3d 1357, 1363 (9th Cir.1994) (similar); *see also* FED. R.APP. P. 28(a)(9)(A).

Accordingly, Appellant's conviction and sentence are **AFFIRMED**.